■ HECKLER ELECTRIC COMPANY, INC., Appellant, v. 320 FULTON CORP., Respondent. — In an action to recover a balance alleged to be due under a contract for certain electrical work and to recover the reasonable value of certain additional services and materials, the appeal is from (1) an order denying appellant's motion for summary judgment, (2) an order denying appellant's motion for judgment on the pleadings and (3) an order granting respondent's motion for leave to serve a second amended answer. Orders affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ In the Matter of the Accounting of FRIEND L. TUTTLE, as Successor Trustee under the Will of CARRIE A. DUCKER, Deceased, Appellant. LAWRENCE M. WOOLLEY et al., as Executors of DANIEL S. WOOLLEY, Deceased, et al., Respondents.— In a proceeding to settle judicially the account of a successor trustee of a testamentary trust, the appeal is, inter alia, from so much of a decree of the Surrogate's Court, Queens County, judicially settling appellant's account as (1) determined (a) that appellant did not receive the trust assets until after July 14, 1944, (b) that appellant should have accounted and distributed by July 1, 1951, and (c) that appellant should be credited with the payment of only seven bond premiums; (2) surcharged appellant with $420 paid for two bond premiums together with interest thereon, and as surcharged him with $1,054.31, the difference between interest received on the funds in his hands and 4% interest thereon from July 1, 1951 to the effective date of the decree; (3) denied appellant $82.31 commissions on principal received and paid out, and (4) fixed appellant's allowance for legal services rendered by him at $3,392 instead of $5,750, as requested. The notice of appeal brings up for review an order dated October 11, 1955 which on reconsideration adhered to a decision dated June 10, 1954. Decree modified on the law and the facts by increasing the allowance for appellant's principal commissions by $82.31, by eliminating the surcharges of $420 and $134.56 interest thereon, and by reducing the surcharges of $1,054.31 to the amount representing the extra interest for the period July 1, 1951 to October 22, 1952. As so modified, decree unanimously affirmed, with costs to all parties filing briefs, payable out of the fund, and matter remitted to the Surrogate's Court for entry of a decree not inconsistent herewith. Findings of fact, insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. After the trust assets in the hands of appellant, as successor trustee, were completely turned into cash, appellant unduly delayed in distributing to the remainderman and in filing his account until he was directed to file and a motion was made to punish him for contempt. No satisfactory explanation of the delay was given. The Surrogate properly found that with reasonable diligence the account should have been filed by July 1, 1951 and that appellant is chargeable with additional interest after that date. The period for additional interest, however, should have been the period between July 1, 1951 and the date the account was actually filed, rather than from July 1, 1951 to the date of the entry of the final decree. The principal commission in the amount of $82.31 was allowable on an amount of principal received and paid out by appellant pursuant to directions in a decree of the court. The $420 paid for premiums on the fiduciary's bond did not cause any loss to the trust estate, as was expressly found by the Surrogate. Under all the facts herein, the award for legal services rendered by appellant to himself as successor trustee was adequate, if not generous. Appeal from order dated October 11, 1955 dismissed, without costs. Present — Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ. [See post, p. 937.]