■ In the Matter of JANET T. INGERSOLL, Appellant-Respondent, v SECURITY TRUST COMPANY OF ROCHESTER, Respondent-Appellant.—Orders unanimously affirmed, without costs. Memorandum: In a special proceeding commenced pursuant to CPLR article 77 petitioner, Janet Ingersoll, income beneficiary of two trusts sought an order to compel respondent-trustee Security Trust Company to deliver, distribute and pay over to petitioner certain items claimed to be undistributed income as defined in said trusts, together with interest on such items. Petitioner appeals from two orders of Special Term insofar as they dismissed the petition as to all items other than 75 shares of Sun Oil Company stock, failed to order interest from the date of distribution of the Sun Oil stock and denied petitioner's motion to renew and/or reargue. Respondent, Security Trust Company, cross-appeals from that part of the order of Special Term which denied its application for an allowance to its attorneys for legal fees. We agree with Special Term that the court ordered distribution by E. I. DuPont de Nemours Company between July 9, 1962 and January 5, 1969 of General Motors common stock

was in the nature of "liquidation dividends" and thus, under paragraph Fourth of the trust instruments properly allocated to principal (US Code, tit 26, § 1111; *Matter of Matthews,* 280 App Div 23; *Matter of Shoenhair,* 34 Misc 2d 884). Further, the distributed shares of Texas Utilities Company constituted a conventional stock split. There was a simple increase in the number of shares without altering surplus or segregating earnings *(Matter of Fosdick,* 4 NY2d 646, 653). Even though the intention of the donors of these trusts has previously been found to be as generous as possible with the life beneficiary *(Matter of Thoms,* 3 Misc 2d 784, 787; *Matter of Thoms,* 4 Misc 2d 987, app dsmd 5 AD2d 954), the trust instruments did not unequivocally empower the trustee to turn over to the life beneficiary shares of stock distributed as a stock split (see *Matter of Clark,* 35 Misc 2d 234). Absent specific clear language evidencing the settlor's intention to allocate stock splits to income, Special Term properly allocated the Texas Utilities distribution to principal. Special Term found and respondent trustee conceded that the 75 shares of Sun Oil Company stock distributed to the trustee on October 21, 1956 should have been allocated to income. The order directed the trustee to deliver the stock, together with the unpaid balance of all dividends received thereon since October 21, 1956. Petitioner contends that in addition to the dividends the trust instruments entitle her to interest on these shares as undistributed income in the hands of the trustee. The Sun Oil stock was 5% cummulative preferred of which the beneficiary received periodic dividends. Since the trustee did not permit the asset to lie dormant, but rather made sure that it continued to be income producing (cf. *Matter of Ducker,* 3 AD2d 852), we see no reason for petitioner to be entitled to both the dividends on the stock and interest. Special Term also properly denied petitioner's motion to reargue and/or renew the proceeding upon submission to the court of affidavits and further evidence on the nature of the distribution in question, since this evidence existed at the time of the prior motion and petitioner failed to show why it was not presented earlier (CPLR 2221, 5015, subd [a], par 2; *Ecco High Frequency Corp. v Amtorg Trading Corp.,* 81 NYS 2d 897 affd 274 App Div 982; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2221, pp 160–161). Finally, Special Term, voicing disfavor with piecemeal applications, denied the trustee's request for an allowance to its attorneys, without prejudice to a renewal of such request at the termination of another proceeding between the same parties. We see no reason to disturb the exercise by Special Term of its discretion. (Appeals from orders of Monroe Supreme Court, in action to compel delivery of stock.) Present—Marsh, P. J., Cardamone, Simons, Mahoney and Goldman, JJ.